## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBIE HARRISON,**<br>**#B43156,** | |
| **Plaintiff,** | **Case No. 23-cv-01358-SPM** |
| **v.** | |
| **WEXFORD HEALTH SOURCES, INC.,**<br>**ANTHONY WILLS,**<br>**DEPARTMENT OF CORRECTIONS,**<br>**BOB JEFFERY,**<br>**MOHAMMED SIDDIQUI,**<br>**DR. RITZ,**<br>**MARRY SIMMERS,**<br>**MOLDENHAUER,**<br>**ANGELA CRAIN,**<br>**PATRICIA B. STEWART,**<br>**MCCLURE,**<br>**C. BIGGS,**<br>**PRICE,**<br>**ROHEFING,**<br>**VALROY,**<br>**CINDY MEYER,**<br>**LEWIS,**<br>**JENNIFER COWAN,**<br>**KELLY PIERCE,**<br>**SUSAN,**<br>**JOHN DOE #1,**<br>**JOHN DOE #2,**<br>**MARINATT,**<br>**LT. MOORE,**<br>**JOHN DOE #3,**<br>**RUSSELL,**<br>**BOBBY WALKER,**<br>**SANDER,**<br>**MUSTRAIT,**<br>**PRUESS,**<br>**MORGAN,**<br>**ELDER,**<br>**TOPE,**<br>**SPAULLING,**<br>**J. COWAN,** | |

Page 1 of 7

SONMONICA,
JOHN DOE #4,
JOHN DOE #5, and
MAJOR ROWLAND,

          Defendants.

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Bobbie Harrison, an inmate of the Illinois Department of Corrections who is currently incarcerated at Western Illinois Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Menard Correctional Center. Statute 28 U.S.C. § 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims and dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A. Before the Court screens the Complaint, however, it must first determine whether any claims are improperly joined in one action and subject to severance. *See Dorsey v. Varga,* 55 F.4th 1094 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

### DISCUSSION

To survive preliminary review under Section 1915A, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The complaint must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the complaint. *Id.* at 555. And because Plaintiff brings his

Page 2 of 7

claims under Section 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). There is no *respondeat superior* liability Section 1983. An individual cannot be held liable solely because of his or her supervisory position.

A complaint also must follow the rules of joinder. FED. R. CIV. P. 18-21. Specifically, Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff has improperly joined claims and parties. In his Complaint, he alleges retaliatory and harassing conduct by staff because he possessed too much property and wrote grievances. The alleged unconstitutional harassing conduct includes confiscation of his property, improper cell transfers and placement, an unwarranted search of his cell, and the mishandling of his grievances. Plaintiff also asserts he was also denied medical care for several chronic conditions. While Plaintiff attempts to describe all the events as a conspiracy and a series of related transactions that spans from April 2021 through December 2021, when he was transferred from Menard Correctional Center to Western Illinois Correctional Center, the claims regarding retaliation and harassment and his claims regarding his medical care involve distinct groups of defendants and facts. Plaintiff's assertion that all defendants, including medical staff, were acting in within one large conspiracy is conclusory and purely speculative. The fact the events alleged in Plaintiff's Complaint happened in a sequential timeline or around the same time does not convince

Page 3 of 7

the Court that the claims are a part of the same "series of acts or transactions" and are properly joined in this case. *See United States v. Cavale*, 688 F. 2d 1098, 1106 (7th Cir. 1982) ("Case law reveals that 'the word transaction contemplates a series of many acts depending not so much upon immediateness of their connection as upon their logical relationship.'") (quoting *United States v. Isaacs*, 493 F.2d 1124, 1158 (7th Cir.)).

To the extent it could be argued that defendants are properly joined, the Court finds that the inclusion of all claims against the defendants would run afoul of the Seventh Circuits admonition that that "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one [complaint]." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Plaintiff sues thirty-nine defendants, many of which are not even mentioned in the statement of claim, and to allow him to prosecute all his claims together would likely prejudice defendants. For these reasons, the claims cannot proceed together in one lawsuit.

Pursuant to *Dorsey v. Varga,* 55 F.4th 1094, 1107-08 (7th Cir. 2022), Plaintiff's Complaint will be stricken based on the improper joinder of the issues described above. He may pursue only related claims against a single group of defendants in this case and must file separate lawsuits to pursue his other claims. Because Plaintiff is in the best position to decide which claims he intends to pursue in this lawsuit, he will be given an opportunity to amend the Complaint before the Court conducts the required merits screening of his claims under Section 1915A.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 10), which is **DENIED.**[1]

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority. Even though Plaintiff is not proceeding *in forma pauperis* and has paid the full filing fee, the Court still finds him indigent and unable to afford counsel for the purposes of Section 1915(e)(1). He states he receives $13.00 per month from the prison and $100.00 per month from family. (Doc. 10, p. 1). Plaintiff does not have sufficient income to pay an attorney's hourly rate to litigate a case from start to finish.

Plaintiff discloses several unsuccessful efforts to contact attorneys via written correspondence and has included copies of declination letters from five firms. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, Plaintiff indicates that he is 70 years old and has several medical conditions that makes it very difficult for him to litigate his case. His conditions include dementia disease, gastric stomach cancer, "carditc cardia," hepatitis C, cirrhosis of the liver, subsegmental atelectasis, enlargement of the heart, severe disc back disease, issues with his prostate gland, malnutrition, and vision and hearing impairment. Additionally, his states his claims are complex with multiple defendants and claims.

Despite these obstacles, the Court finds that Plaintiff can proceed pro se, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears more than competent to decide which claims he would like to pursue in this case and draft an amended complaint.

## DISPOSITION

The Complaint (Doc. 1) is **STRICKEN** for improper joinder of claims and/or defendants. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **February 13, 2024,** that focuses on one claim or set of related claims against one or more defendants that arises from a single transaction or occurrence or series of transactions or occurrences.

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The

First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 23-cv-01358-SPM)**. Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ....").

Should Plaintiff attempt to bring unrelated claims against different groups of defendants in the same complaint, the Court will exercise its discretion under Rule 21 to sever or dismiss them. Therefore, Plaintiff should instead file one or more additional lawsuits to address each distinct group of claims he wishes to pursue. If he chooses to do so, Plaintiff should remain mindful of the 2-year statute of limitations applicable to his claims under Section 1983 and should file any new lawsuit before the 2-year time period expires. Plaintiff will be obligated to pay a separate filing fee for each additional suit he files, and he will receive a "strike" for any suit that is dismissed because it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(g).

If Plaintiff fails to file his First Amended Complaint *in this case* within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice for failure to comply with a court order and/or failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his

whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:   January 16, 2024**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**