**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BOBBIE HARRISON,** | |
| **Plaintiff,** | **Case No. 23-cv-01358-SPM** |
| **v.** | |
| **WEXFORD HEALTH SOURCES, Inc.,** *et al.*, | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Bobbie Harrison, an inmate of the Illinois Department of Corrections who is currently incarcerated at Western Illinois Correctional Center, filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Menard Correctional Center. The Complaint was stricken for improper joinder of claims and/or defendants. (Doc. 11) (citing *Dorsey v. Varga,* 55 F. 4th 1094, 1107-08 (7th Cir. 2022)). The Court granted Plaintiff an opportunity to replead his claims in an amended complaint. He was directed to file a First Amended Complaint on or before February 13, 2024. Plaintiff was advised that failure to do so would result in the dismissal of the entire case. At Plaintiff's request, the deadline was extended until March 13, 2024. (Doc. 13). Plaintiff missed the deadline, and the Court entered a notice of impending dismissal. (Doc. 14). The Court warned Plaintiff that if he failed to file an amended complaint by the new deadline of April 15, 2024, then the case would be dismissed.

Plaintiff has missed the deadline. A week has passed since it expired, and he has not requested an extension or filed an amended complaint. The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** for failure to comply

with an order of the Court and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 23, 2024**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**