IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBIE HARRISON, #B43156,<br><br>        Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., *et al.*,<br><br>        Defendants. | Case No. 23-cv-01358-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Bobbie Harrison initiated this case as inmate of the Illinois Department of Corrections pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred at Menard Correctional Center. (Doc. 1). The original Complaint was stricken for improper joinder of claims and/or defendants, and Plaintiff was granted leave to file an amended complaint. (Doc. 11). Twice the Court extended the deadline to amend, and eventually, this case was dismissed for failure to comply with an order of the Court and for Plaintiff's failure to prosecute his claims. (Doc. 13, 14, 15).

    On February 3, 2025, the Court granted Plaintiff's motion to reconsider the dismissal and judgment orders, and the case was reopened. (Doc. 19). Plaintiff was given until March 5, 2025, to file an amended complaint. Plaintiff was warned that failure to amend by this deadline would result in dismissal. Plaintiff missed the deadline and so the Court entered a notice of impending dismissal. (Doc. 20). Plaintiff was given one last opportunity to pursue this case, and the deadline to amend was reset for April 3, 2025. Again, the Court advised Plaintiff that if he did not file an amended complaint by the deadline his case would be dismissed.

Plaintiff has missed the deadline. A week has passed since it expired, and he has not requested an extension or filed an amended complaint. The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** due to Plaintiff's failure to comply with an order of the Court and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: April 11, 2025**

                                                   *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**